# In the United States Court of Federal Claims

No. 22-1222
(Filed: 31 October 2022)
NOT FOR PUBLICATION

```
*****************************
JIM GARCIA,                      *
                                 *
              Plaintiff,         *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
*****************************
```

## ORDER

**HOLTE, Judge.**

On 20 October 2022, the government filed a motion for a sixty-day enlargement of time—from 7 November 2022 to 9 January 2023—to respond to plaintiff Jim Garcia's complaint, ECF No. 7 ("Gov't's EOT Mot."). The government requested additional time because government "counsel has not yet received the administrative record" and "has been required to dedicate significant time to another time-sensitive matter in this Court[.]" *Id.* at 1–2.

On 28 October 2022, Mr. Garcia filed an opposition, ECF No. 8 ("Pl.'s EOT Resp."). He "request[s] the Court deny this motion by the defendant." *Id.* at 1. Mr. Garcia asserts "[t]he U.S. Army had sufficient time to respond and has not done so." *Id.* He additionally argues "the law is clear on [Combat-Related Special Compensation] pay for individuals with a [Veterans Affairs] rating of unemployability." *Id.* at 1–2.

A plaintiff "may overcome what would otherwise be good cause under Rule 6(b)(1)(A) of the Rules of the United States Court of Federal Claims (RCFC)" by showing "prejudice that affects a plaintiff's ability to respond to filings or otherwise press its case." *Quintano Cabrera v. United States*, No. 19-480, 2019 WL 4942322, at *1 (Fed. Cl. Oct. 8, 2019). "[T]he mere fact of the delay alone cannot be enough to establish prejudice, otherwise every opposed motion for an extension would have to be denied." *Novad Mgmt. Consulting, LLC v. United States*, No. 19-425, 2019 WL 3015220, at *1 (Fed. Cl. July 9, 2019).

Mr. Garcia complains of the delay he has suffered in awaiting resolution of his claim; he does not show, however, he would be unduly prejudiced by an enlargement of time. *See* Pl.'s EOT Resp.; *Novad Mgmt. Consulting, LLC*, 2019 WL 3015220, at *1; *Quintano Cabrera*, 2019 WL 4942322, at *1. The government's enlargement of time request to receive the administrative

- 2 -

record might afford Mr. Garcia the relief he requests, and Mr. Garcia does not aver he will be unduly prejudiced by the enlargement of time; thus, the Court finds Mr. Garcia did not overcome the good cause shown by the government in seeking an enlargement of time. *See Novad Mgmt. Consulting, LLC*, 2019 WL 3015220, at *1; *Quintano Cabrera*, 2019 WL 4942322, at *1.

      Mr. Garcia does not assert, nor does the Court find, he will be prejudiced by a sixty-day enlargement of time for the government to respond to the complaint. Accordingly, for good cause shown, the Court **GRANTS** the government's motion for enlargement of time, ECF No. 7. The government **SHALL FILE** a response on or before **9 January 2023**.

      **IT IS SO ORDERED.**

                                            s/ Ryan T. Holte
                                            RYAN T. HOLTE
                                            Judge