# In the United States Court of Federal Claims

No. 22-1222
(Filed:  4 April 2023)
NOT FOR PUBLICATION

```
***************************************
JIM GARCIA,                             *
                                        *
                    Plaintiff,          *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
                                        *
***************************************
```

**ORDER**

**HOLTE, Judge.**

On 6 September 2022, pro se plaintiff Jim Garcia filed a complaint alleging military pay claims, specifically requesting an increase in his Combat Related Special Compensation, ECF No. 1.  On 9 January 2023, the government filed a motion for a scheduling order on cross-motions for judgment on the administrative record ("cross-MJARs"), ECF No. 11.  On 31 January 2023, the Court referred plaintiff for possible pro bono representation and stayed the case for 60 days ("Pro Bono Referral Order"), ECF No. 14.  On 20 March 2023, plaintiff filed a response to the Pro Bono Referral Order, notifying the Court the pro bono referral was unsuccessful and plaintiff wished to proceed pro se, ECF No. 15.  The next day, plaintiff filed a motion for summary judgment ("MSJ"), ECF No. 16.  Plaintiff argues decisions by the Army Board for Correction of Military Records ("Board") were arbitrary and capricious for failing to properly consider evidence before the Board regarding plaintiff's disability rating from Veterans Affairs.  *See generally id.*

On 28 March 2023, the government filed a renewed motion for a scheduling order on cross-MJARs, asserting military pay cases are decided on the administrative record, so an MJAR rather than an MSJ is the correct procedural posture, ECF No. 17.  On 29 March 2023, plaintiff filed a response to the government's renewed Motion for Scheduling Order ("Pl.'s Resp."), ECF No. 18.  Plaintiff requests the Court rule on his MSJ before requiring him to take a position on the government's renewed Motion for Scheduling Order, arguing he may file an MSJ pursuant to Rule 56 of the Rules of the Court of Federal Claims ("RCFC") regardless of the military pay nature of the case.  *Id.* at 1–2.  On 31 March 2023, the government filed a reply in support of its

renewed Motion for Scheduling Order, maintaining an administrative record must be filed and clarifying it does not seek remand to the agency, ECF No. 19.[1]

"Military pay cases involving decisions of a military correction board and a service member's subsequent entitlement to appropriate monetary compensation under the U.S. Code are reviewed on the administrative record under the same standard as any other agency action." *Sharpe v. United States*, 134 Fed. Cl. 805, 813–14 (2017) (finding judgment on the administrative record rather than summary judgment the appropriate procedure), *aff'd*, 935 F.3d 1352 (Fed. Cir. 2019) (citing *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006); *Martinez v. United States*, 333 F.3d 1295, 1314–15 (Fed. Cir. 2003)). The Federal Circuit held in *Walls*, "it has become well established that judicial review of decisions of military correction boards is conducted under the [Administrative Procedure Act ('APA')] . . . [and therefore] generally limited to the administrative record." *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009) (footnote omitted). "[R]eview of a military corrections board is limited to the administrative record[.]" *Id.* at 1368. The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). Plaintiff states in his response to the government's renewed Motion for Scheduling Order: "The underlying agency . . . has given [its] final decision on the matter before the Court[,] and [its] final decision is beyond Arbitrary, Capricious and Contrary to the law . . . ." Pl.'s Resp. at 2. The Court understands plaintiff requests APA review of agency action, *see id.* at 2–3 (describing the decision of the Army Board for Correction of Military Records as arbitrary and capricious and quoting provisions of the APA), so the Court must require the government to file an administrative record to review the record before the agency. *See Sharpe*, 134 Fed. Cl. at 813–14; *Walls*, 582 F.3d at 1367–68.

The Court therefore **FINDS as MOOT** the government's initial Motion for Scheduling Order, ECF No. 11, **STAYS** plaintiff's Motion for Summary Judgment, ECF No. 16, and **GRANTS** the government's renewed Motion for Scheduling Order, ECF No. 17. After the government files the administrative record, plaintiff may convert his MSJ to an MJAR or refile his Motion with citations to the administrative record. Further, the Court **ADOPTS** the following briefing scheduling, adding seven days to each deadline in the government's proposed schedule to account for the days since the filing of the government's renewed Motion for Scheduling Order:

---

[1] On 31 March 2023, Mr. Garcia attempted to file a deficient additional brief on this motion, maintaining the government's cited cases do not require the filing of an administrative record. The Rules of the Court of Federal Claims contain no provision for filing a surreply on a motion for a scheduling order, so Mr. Garcia should have filed a motion for leave to file his additional brief. The Court, however, **DIRECTS** the Clerk to file Mr. Garcia's additional brief received 31 March 2023 as a surreply by leave of court. The Court considers Mr. Garcia's arguments in his Surreply in this Order.

| Event | Deadline |
|---|---|
| The government files the administrative record | 17 April 2023 |
| Plaintiff files an MJAR with citations to the administrative record or converts his MSJ to an MJAR | 19 May 2023 |
| The government files a cross-MJAR and response to plaintiff's MJAR | 20 June 2023 |
| Plaintiff files a reply in support of his MJAR and response to the government's cross-MJAR | 14 July 2023 |

**IT IS SO ORDERED.**

<u>s/ Ryan T. Holte</u>
RYAN T. HOLTE
Judge
