# In the United States Court of Federal Claims

No. 22-1222
(Filed: 13 June 2023)
NOT FOR PUBLICATION

```
***************************************
JIM GARCIA,                             *
                                        *
                  Plaintiff,            *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                  Defendant.            *
                                        *
***************************************
```

**ORDER**

**HOLTE, Judge.**

      On 2 June 2023, the government filed a motion for a twenty-eight-day enlargement of time—from 20 June 2023 to 18 July 2023—to file a cross-motion for judgment on the administrative record and response to pro se plaintiff Jim Garcia's Motion for Judgment on the Administrative Record ("MJAR"), ECF No. 25 ("Gov't's 2 June 2023 EOT Mot."). The government requests additional time to account for its counsel's other proceedings in this court—including but not limited to—(1) bid protests; (2) *Ardon v. United States*, No. 22-562 (Fed. Cl. May 23, 2022); and (3) *Casaretti et al. v. United States*, No. 15-294 (Fed. Cl. Mar. 23, 2015)—and in the Court of International Trade. *Id.* at 1–2. The government previously requested an enlargement of time in which to respond to the Complaint, ECF No. 7 ("Gov't's 20 Oct. 2022 EOT Mot."), stating the government's "counsel ha[d] not yet received the administrative record." *Id.* at 1. The Court granted the government an enlargement of time to respond to the Complaint over plaintiff's opposition, ECF No. 9 ("31 Oct. 2022 Order Granting EOT"), finding "[t]he government's enlargement of time request to receive the administrative record might afford Mr. Garcia the relief he requests, and Mr. Garcia does not aver he will be unduly prejudiced by the enlargement of time[.]" *Id.* at 1–2.

      On 5 June 2023, Mr. Garcia filed an opposition to the government's 2 June 2023 Motion for an Enlargement of Time, ECF No. 26 ("Pl.'s 5 June 2023 EOT Resp."). He "request[s] the Court . . . deny [d]efendant's request[.]" *Id.* at 2. Mr. Garcia asserts the government's counsel's "case load and time management issues do not meet the standards for [g]ood [c]ause." *Id.* at 1. Mr. Garcia additionally argues he submitted his MJAR early, on 24 April 2023, giving the government "54 days to submit a cross-MJAR[.]" *Id.*

      On 12 June 2023, the government filed a reply in support of its Motion for an

Enlargement of Time, ECF No. 27 ("Gov't's 12 June 2023 EOT Reply").  The government contends plaintiff has not shown prejudice and therefore plaintiff's "arguments do not provide a sound basis to deny [the] motion."  *Id.* at 1–2.  The government further explains its reasons for prioritizing other litigation matters:  (1) "[t]he bid protests cited in [the 2 June 2023] motion are time-sensitive matters"; (2) "[a]n extension of the discovery schedule has already occurred twice in *Ardon*"; and (3) *Casaretti*, "which has been pending since 2015[], involves depositions—three that occurred in early June [2023] and three more to be scheduled over the next month—that must account for the availability of witnesses, plaintiff's counsel, agency counsel, and [D]epartment of [J]ustice counsel."  *Id.* at 2.

The Court granted the government's 20 October 2022 Motion for an Enlargement of Time to respond to the Complaint because the government's counsel had not yet received the administrative record and therefore would not have been able to provide a fulsome response to plaintiff's Complaint.  *See* 31 Oct. 2022 Order Granting EOT.  Although plaintiff opposed the Motion, the enlargement was helpful to plaintiff, considering—without the additional 60 days with which to respond—the government could have changed its position between the original deadline and its counsel's receipt and review of the administrative record.  *See id.* at 1–2.  Such a change may have necessitated further briefing between the parties—causing a more extensive delay than the enlargement granted.

The Rules of the Court of Federal Claims ("RCFC") "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  RCFC 1.  "In order to secure the 'just, speedy, and inexpensive determination' of an action, a court might well deny a request for an extension of time."  1 MOORE'S FEDERAL PRACTICE - CIVIL § 6.06 (citing *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584–85 (1st Cir. 1994) (court did not abuse its discretion when it denied plaintiff's motion for additional time to respond to summary judgment motion because plaintiffs had amended complaint three times, had obtained at least five previous extensions, and plaintiffs' counsel filed extension request three days after leaving on European vacation); *Collins v. Thornton*, 782 Fed. App'x 264, 267 (4th Cir. 2019) (per curiam) (when counsel made no effort at all to serve process until 6 days remained in 90-day period of Fed. R. Civ. P. 4(m) and filed motion for extension only 1 day before expiration, district court did not err in finding no good cause and denying extension); *Ott v. Fed. Home Loan Mortg. Corp.*, 535 Fed. App'x 488, 489 (6th Cir. 2013) (per curiam) (plaintiff failed to demonstrate good cause when she made no argument as to good cause other than asserting that "the Fourth of July holiday caused an inability to file"); *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 538–39 (7th Cir. 2011) (district court did not abuse its discretion by requiring adherence to deadline when it had previously informed counsel it would not grant further extension); *Albright v. Mt. Home Sch. Dist.*, 926 F.3d 942, 950–51 (8th Cir. 2019) (when local rule required response to defendant's summary judgment motion within 14 days, motion for extension of time to respond filed 2 days before expiration properly denied under Fed. R. Civ. P. 6(b)(1)(A) because plaintiff offered no explanation of why deadline could not be met by exercise of due diligence and therefore failed to show good cause)); *see, e.g.*, Minute Order, *Point Vinings One, LLC v. United States*, No. 20-1714 (Fed. Cl. May 12, 2023) (denying the government's Motion to Amend Schedule for lack of good cause shown notwithstanding the government's arguments regarding counsel's deadlines in other cases and recently assigned co-counsel's need to familiarize herself with the case supported

the government's request for an extension of time on multiple deadlines).

In its Reply, filed on 12 June 2023, the government fails to acknowledge plaintiff's argument the government has already received additional time through plaintiff's early filing of his MJAR.  *See* Pl.'s 5 June 2023 EOT Resp. (noting plaintiff's MJAR was filed "26 days before it was due[,]" giving the government "54 days to submit a cross-MJAR"); Gov't's 12 June 2023 EOT Reply.  While delay alone is not enough to create prejudice sufficient to overcome good cause, as the government notes, repeated delays in a case to prioritize other cases weighs in favor of a finding of prejudice.  *See* Gov't's 12 June 2023 EOT Reply at 1–2.

The Court has previously granted the government an enlargement of time—over plaintiff's opposition—to respond to the Complaint.  *See* 31 Oct. 2022 Order Granting EOT.  In its 20 October 2022 Motion for an Enlargement of Time, the government argued the additional time in which to respond to the Complaint was necessary because the government's counsel had not yet received the administrative record.  Gov't's 20 Oct. 2022 EOT Mot. at 1.  Good cause existed, in part, because the reason for an enlargement was outside the control of the government's counsel.  *See* 31 Oct. 2022 Order Granting EOT at 1–2.  In the government's 2 June 2023 Motion, however, as plaintiff asserts, the reason the government requests additional time in which to file its cross-MJAR and response is partly within the government's control.  *See* Pl.'s 5 June 2023 EOT Resp. at 1 (asserting the government's counsel's "case load and time management issues do not meet the standards for [g]ood [c]ause"); *see also* Gov't's 2 June 2023 EOT Mot.

While the government cannot control all deadlines in other cases, it can control what counsel it assigns to different cases.  The Department of Justice has numerous attorneys and extensive resources for case management.  The government's counsel in this case, further, can control how he prioritizes his cases.  The Court additionally notes the government's pending Motion for an Enlargement of Time is the second opposed motion for an enlargement of time in this case.  *See* 31 Oct. 2022 Order Granting EOT.  The government states the discovery schedule in *Ardon* has already been extended twice but does not state the deadlines in government counsel's three other cases have already been extended.  *See* Gov't's 12 June 2023 EOT Reply at 2.  While plaintiff is pro se, the Department of Justice must treat this case equally.

Considering the case burden of the government's counsel, the previously granted enlargement in the case, and the additional time afforded to the government as a result of plaintiff's early filing of his MJAR, the Court finds a minimal showing of good cause and therefore **GRANTS in part and DENIES in part** the government's Motion for an Enlargement of Time, ECF No. 25.  The Court is not inclined to grant any future opposed motions for enlargements of time in this case.

The government **SHALL FILE** a cross-motion for judgment on the administrative record and response to plaintiff's Motion for Judgment on the Administrative Record **on or before 5 July 2023**.  The granted enlargement is 14 days—half of the requested enlargement of 28 days—plus an additional day to account for the federal holiday on 4 July 2023.  The Court decides this issue one day after the filing of the government's Reply, ECF No. 27, to provide the government more effective time to meet the new deadline of 5 July 2023.

- 4 -

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
